Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Casie Lynn Jordan**

Case no.: **18-40123**
CHAPTER 13 PLAN ☑ Modified
Dated: **May 9, 2018**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **690.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **310.00** per **Month** for **57** months, **beginning in May 2018**, for a total of $ **17,670.00** . The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **18,360.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,836.00** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| **-NONE-** | | | |
| TOTAL | | | $0.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 7.1 | **Lakeview Loan Servicing** | $12,458.87 | $207.65 | 1 | 60 | $12,458.87 |
| | TOTAL | | | | | $12,458.87 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| | TOTAL | | | | | | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | $ | | | | |
| | TOTAL | | | | | | | | | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | TOTAL | | | | | | | | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $3,000.00 | $69.77 | 1 | 43 | $3,000.00 |
| 11.2 | Internal Revenue Service | $0.00 | | | | $0.00 |
| 11.3 | MN Dept of Revenue | $0.00 | | | | $0.00 |
| | TOTAL | | | | | $3,000.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | -NONE- | | | | | |
| | TOTAL | | | | | $0.00 |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows: __-NONE-__
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | *Creditor* | *Interest Rate (if any)* | *Claim Amount* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|---|---|

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| | TOTAL | | | | | | $0.00 |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ __1,065.13__ [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1      The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ __0.00__ .

14.2      The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ __44,651.07__ .

14.3      Total estimated unsecured claims are $ __44,651.07__ [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property |
|---|---|---|
| | -NONE- | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Part 14 above.<br><br>A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.<br><br>The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.<br><br>Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).<br><br>APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans. |
| 17.2 | |

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee's [Part 3] | $ | **1,836.00** |
| Home Mortgage Defaults [Part 7] | $ | **12,458.87** |
| Claims in Default [Part 8] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **3,000.00** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **1,065.13** |
| TOTAL (must equal line 2.5) | $ | **18,360.00** |

<u>Certification regarding nonstandard provisions:</u>
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: **/s/ Wesley W. Scott**
**Wesley W. Scott 0264787**
Attorney for debtor or debtor if pro se

Signed: **/s/ Casie Lynn Jordan**
**Casie Lynn Jordan**
Debtor 1

Signed: _____
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                               Case No: 18-40123

Casie Lynn Jordan,

      Debtor.

---

**NOTICE OF CONFIRMATION HEARING**

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on June 21, 2018 at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 S 4th Street, Minneapolis, Minnesota.

Dated this 9th day of May, 2018.

                                                    KAIN & SCOTT, P.A.

                                                  /e/  WESLEY W. SCOTT-#02647
                                                  Attorney for Debtor
                                                  13 Seventh Avenue South
                                                  St. Cloud, Minnesota 56301
                                                  (320) 252-0330

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Case No. 18-40123

Casie Lynn Jordan,

       Debtor.

## UNSWORN CERTIFICATE OF SERVICE

      I, Sonja K. Quaintance, declare under penalty of perjury that on May 10, 2018 she caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.


Dated: May 10, 2018　　　　　　　　　　　　/e/ Sonja K. Quaintance
　　　　　　　　　　　　　　　　　　　　　　Sonja K. Quaintance
　　　　　　　　　　　　　　　　　　　　　　Kain & Scott, P.A.

ALLINA HEALTH
PO BOX 77008
MINNEAPOLIS MN 55480-7708

AMERICAN ACCOUNTS & ADIVSERS
7460 80TH STREET S
COTTAGE GROVE MN 55016

AMEX
PO BOX 297871
FORT LAUDERDALE FL 33329

ANNANDALE PUBLIC SCHOOLS
PO BOX 190
ANNANDALE MN 55302

BANKAMERICA
PO BOX 982238
EL PASO TX 79998

BUFFALO HOSPITAL
NURSE ANESTHETISTS
14700 28TH AVE N, STE 20
MINNEAPOLIS MN 55447-4876

CARDINAL KIDS CLUB
655 PARK STREET EAST
ANNANDALE MN 55302

CENTERPOINT ENERGY
PO BOX 1297
MINNEAPOLIS MN 55440-1297

CENTERPOINT ENERGY
PO BOX 4671
HOUSTON TX 77210-4671

CITY OF ANNANDALE
30 CEDAR STREET EAST
PO BOX K
ANNANDALE MN 55302

CREDIT SOLUTIONS OF KENTUCKY
PO BOX 24710
LEXINGTON KY 40524-4710

DIVERSIFIED CONSULTANTS
PO BOX 1391
SOUTHGATE MI 48195-0391

EPPA
NW 6438
PO BOX 1450
MINNEAPOLIS MN 55485

FIRST COLLECTION SERVICES
10925 OTTERCREEK BLVD
MABELVALE AR 72103

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101

LOANCARE
PO BOX 8068
VIRGINIA BEACH VA 23450

LOANCARE, LLC
C/O USSET, WEINGARDEN & LIEBO
4500 PARK GLEN ROAD, STE 300
ST LOUIS PARK MN 55416

METROPOLITAN ANESTHESIA NET
PO BOX 47159
PLYMOUTH MN 55447-0159

MINNCO CU
235 1ST AVE W
CAMBRIDGE MN 55008

MN DEPT OF REVENUE
ATTN DENISE JONES - BANKRUPTCY
PO BOX 64447
SAINT PAUL MN 55164

MONARCH RECOVERY MANAGEMENT
10965 DECATUR ROAD
PHILADELPHIA PA 19154-3210

MORTGAGE SERVICE CENTE
1 MORTGAGE WAY
MT LAUREL NJ 08054

NATIONWIDE CREDIT
PO BOX 14581
DES MOINES IA 50306

RELIANCE RECOVERIES
6160 SUMMIT DRIVE SUITE 420
BROOKLYN CENTER MN 55430-2149

SHAPIRO & ZIELKE
12550 WEST FRONTAGE RD
SUITE 200
BURNSVILLE MN 55337

SHAPIRO & ZIELKE, LLP
12550 WEST FRONTAGE ROAD
SUITE 200
BURNSVILLE MN 55337

SUNRISE CREDIT SERVICES, INC
PO BOX 9100
FARMINGDALE NY 11735-9100

THD/CBNA
PO BOX 6497
SIOUX FALLS SD 57117

US DEPT OF ED/GLELSI
2401 INTERNATIONAL LANE
MADISON WI 53704

VERIZON
C/O RISK MANAGEMENT
PO BOX 105337
ATLANTA GA 30348

VERIZON
PO BOX 25505
LEHIGH VALLEY PA 18002-5505

WELLS FARGO BANK NV NA
PO BOX 94435
ALBUQUERQUE NM 87199

WINDSTREAM
PO BOX 9001908
LOUISVILLE KY 40290

WINDSTREAM
ATTN FINANCIAL SERVICES
1720 GALLERIA BLVD
CHARLOTTE NC 28270

XCEL ENERGY
PO BOX 9477
MINNEAPOLIS MN 55484-9477

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
Casie Lynn Jordan

Case No. 18-40123

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 5/7/18

X _Casie Jordan_   X _____
Signature of Debtor1 or Authorized
Representative                                Signature of Debtor 2

**Casie Lynn Jordan**
Printed Name of Debtor 1 or                   Printed Name of Debtor 2
Authorized Representative